## WILLIAM M. PRICE *v.* LEHMAN, ABRAHAM & Co.

1. Where property is seized under conservatory writ and bonded, it returns to the custody of the defendant in the same condition as it was before seizure.
2. Therefore, privileges existing upon it, before the seizure, are not affected.
3. It is the same with regard to the very privilege to secure which the writ issued; after judgment, the privileged creditor may, notwithstanding a release upon bond, subject the property to his execution.
4. Pending a revocatory action to set aside a fraudulent sale, the fraudulent vendee cannot lawfully dispose of the property affected. La. C. C. 2453.
5. Where such an action was accompanied by an attachment, and the property affected, being seized, was released upon bond, the bonding does not remove the prohibition against disposition of the property, pending the suit; and, succeeding in his suit, the attacking creditor may ignore alienations. and pursue the property into third hands.

*Appeal from the Parish of St. Landry.    Hudspeth, J.*

*Lewis Bros.* for plaintiff and appellant.

*K. Baillio* for defendants and appellees

IRION, J.—The only question presented by this case is purely one of law.

The defendants were the creditors of William C. Johnson, who divested, himself of all the property he owned, by transfers to various parties. Lehman, Abraham & Co. instituted an action against Johnson and his transferees to set aside all the sales made by him, in order to subject the property to the payment of their claim.

Among the property sold was the lease of a storehouse, for a term of years, and a lot of merchandise contained therein, transferred to A. P. Williams. Williams was made a party defendant in the suit to set aside the sale made to him; a writ of attachment was obtained, and the lease, together with the contents of the store, were attached. Williams obtained the release of the property attached by giving a bond, as the law provides in such cases. He then sold it to Daniel Price, who sold to the plaintiff in this case.

Lehman, Abraham & Co. were successful in their suit to set aside the sales made by Johnson. The sale to A. P. Williams was decreed to be a nullity, and the property transferred to him was adjudged to be subject to the payment of the claim of Lehman, Abraham & Co. Execution was thereupon issued and the lease of the storehouse was seized. William M. Price, transferree of the lease, enjoined the sale on the ground that the bond of release, furnished by Williams, stood in the place of the property attached; that Lehman, Abraham & Co. could not pursue the property for the release of which the bond had been given, but must look to the bond alone for satisfaction of their execu-tion. The judgment of the Court *a qua* was in favor of defend-ants, and the plaintiff has appealed.

The question for our consideration is well stated by the counsel for the plaintiff, in his brief, in the following words: "The plaintiff in a revocatory action, having joined to his action

a writ of attachment, and the defendant having given a release bond, as provided by Article 259, C. P., is the recourse of the plaintiff thereafter confined to the release bond, or is his recourse both upon that and upon the property attached?" There in so question that the property seized, in the hands of the present plaintiff, could be made responsible for the judgment of Lehman, Abraham & Co. against Johnson, had it not been for the attachment and the release bond; it only remains to consider what was the effect of the release bond given by A. P. Williams.

In the case of Charles A. Conrad vs. Joseph Patzelt, James Jackson, Intervenor, 29 La. An. 465, Judge Marr, as the organ of the Court, entered into a very exhaustive and able elucidation of the effect of release bonds. The whole jurisprudence of our State on this question was fully examined and the effect of a release bond well established.

The conclusion which the Court reached was clearly stated. It said, when property provisionally seized, or seized on any other mesne process, is released on bond, it is not in legal custody, and it returns to the custody of the defendant precisely in the condition in which it was seized, except *quoad* that seizure; the bond has been substituted for it, and it cannot be again seized under the same writ.

In that case, Conrad, the lessor, provisionally seized the property of the lessee, Patzelt, who obtained the release of the seizure, by furnishing a bond. That Court held that the property then returned into the possession of Patzelt, in the same condition it was in when seized. The bond did not destroy the lessor's privilege and right of pledge, which still existed in favor of Conrad, notwithstanding the bond of release. The Court said, "when the seizure was set aside, Conrad's right of pledge was not extinguished, and if the property had remained in his hands it would have continued subject. But that which the release on bond did not do, was fully accomplished by the removal of the entire property out of the premises of Conrad into the store and premises of Jackson, and by the lapse of fifteen days after that removal; and Conrad's right of pledge, which existed for fifteen days and for fif-

teen days only after removal, was extinguished." Conrad thus lost his rights over the property by the prescription of fifteen days and not by reason of the release bond.

His privilege having been thus lost, that of the second lessor attached and was recognized.

In the case of Blanchin vs. Fashion, 10 La. An. 49, the same principle was recognized.

Blanchin sued the Steamboat Fashion and owners, and caused the boat to be provisionally seized. The boat remained in the custody of the sheriff one day, and the seizure was set aside on a bond, conditioned exactly as the bond in this case. At that time privileges against steamboats were prescribed by the lapse of sixty days. Blanchin's account began in January, and on the 10th of March, he recovered judgment for the whole amount, and on the 23d of March, the boat was seized by the sheriff, under a *fi. fa.* issued on that judgment. The proceeds of sale under this writ were brought into Court for distribution, and Blanchin claimed the whole amount of his debt with privilege. The Court said, " the release on bond did not extinguish the privilege for which the seizure was made. It simply left that privilege in the exact condition it was at the time the release bond was given." In that case the right of the plaintiff to seize the boat was recognized, although it had been released on bond.

In the case of Brandon vs. Bobo, 12 La. An. 616, property was seized under execution. The defendant gave a forthcoming bond, and sold it to a third party before the day fixed for its return. The Court held that the title of the purchaser was good, and that the only recourse of the creditor was on the bond. There is no difference in the principle recognized by the Court in these cases. While the property was in the possession of Bobo, before its seizure, he had the right to dispose of it as he pleased, and could therefore give a good title to a purchaser. The seizure by the sheriff interrupted this right, but the seizure was set aside by the bond. The moment the bond was furnished, there was no longer a seizure. It was set aside by the bond, and the property returned to the possession of Bobo, with all the rights over it

which he had before the seizure. It followed that as he could give an unencumbered title to the property, before it was seized, he could also make a good title to a purchaser, after it was restored to him on bond.

It is clear that the principle enunciated in Conrad vs. Patzelt, and all the cases there reviewed, is that the sole effect of a release bond is to restore the property seized to the owner, subject to all the conditions which burdened it before the seizure was made. If we apply this principle to the case at bar, we think the solution is easy. In the revocatory action which we have been considering, Lehman, Abraham & Co. stood in the place of Johnson, suing for recovery of property in the possession of Williams, who, by Article 2453 C. C., was absolutely prohibited from disposing of the property during the pendency of the action.

When the property was attached, it was taken into possession by the sheriff, to hold until otherwise ordered by the Court, and when the attachment was released by the bond, the property was restored to the possession of Williams, subject to the same prohibitions which burdened it before it was attached. In all the cases cited by counsel for the defendant, there was no prohibition upon the owner to dispose of his property. When it was burdened by a privilege it was restored to him on furnishing bond, subject to that privilege, and when the privilege was lost by prescription, he could convey a good title to a third person. This was not the case with Williams. The moment he was made defendant in the revocatory action he rested under a positive prohibition to dispose of the property, during the pendency of the suit. The release on bond did not remove this prohibition, any more than the release on bond extinguished the privilege of plaintiff, in the case of Conrad vs. Patzelt, and Blanchin vs. Fashion. In both these cases, as already stated, the Court held, that the release on bond did not extinguish the privilege and the property returned to the owner, subject to the privilege. So the property bonded here by Williams returned to his possession, subject to the prohibition, under which the law placed him, and

from which he could not escape, except by a judgment of the Court decreeing his title from Johnson to be valid.

It necessarily follows, that the sale made by Williams, as well as the subsequent transfer by his vendee, was void as to Lehman, Abraham & Co., who have the right to seize the property, as if these sales had never been passed.

We see nothing inconsistent in the cases of Ranlett vs. Constance, 15 La. An. 423, and Conrad vs. Patzelt, 29 La. An. 465, and the cases there reviewed.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be affirmed with costs.